# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY NORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:05-0896** |
| | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| **INNOVATE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion for Contempt" (Docket No. 29), which Judge Campbell has referred to the undersigned (Docket No. 30). The Motion essentially states that Plaintiff previously obtained a default judgment against Defendant in this action. Thereafter, Plaintiff served a subpoena and Notice of Deposition upon Defendant's President, Alton Minton, which required him to appear for a deposition and to bring documents with him, on July 19, 2006. Mr. Minton, however, failed to appear. The Motion seeks an Order holding Mr. Minton in contempt of court, pursuant to Fed. R. Civ. P. 37(b)(2)(D). Additionally, Plaintiff seeks sanctions against Defendant and Mr. Minton, "as the Court deems appropriate."

Defendant has not filed a Response to the Motion. Mr. Minton, who is not a party to this litigation, has not filed a Response to the Motion.

Initially, the Court notes that Plaintiff has not submitted a supporting Memorandum of Law, as required by Local Rule 7.01(a). For this reason alone, the Motion should be DENIED.

The contempt authority of United States Magistrate Judges is set forth in 28 U.S.C. § 636(e).

Section 636(e)(1) states in pertinent part:

> A United States magistrate judge serving under this chapter shall have within the territory of jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

The only provision of subsection 636(e) applicable to this case is subsection (6) which provides in pertinent part as follows:

> **Certification of other contempts to the district court.** – Upon the commission of any such act –
>
> . . .
>
> (B) In any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where –
>
> . . .
>
> > (ii) The act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> >
> > (iii) the act constitutes a civil contempt,
>
> The magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an Order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

Upon the record as it currently exists, the undersigned is unable to conclude that any acts that are the subject of the instant Motion constitute either a criminal contempt or a civil contempt. Therefore, the undersigned is unable to certify any facts supporting a finding of civil or criminal contempt under § 636(e)(6)(B).

2

In order to establish another's contempt, a moving party generally must prove by clear and convincing evidence that the other person violated a definite and specific prior Order of the Court requiring him to perform or refrain from performing a particular act or acts, with knowledge of that prior Order. *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). There is no indication in the record that either Mr. Minton or Defendant violated any Order of the Court.

Moreover, the Motion does not discuss whether Plaintiff seeks to hold Mr. Minton in civil contempt or in criminal contempt. The Motion does not discuss the difference between civil contempt and criminal contempt, it does not discuss any Sixth Circuit authority whatsoever, and it does not recognize the provisions and requirements of Fed. R. Crim. P. 42 concerning criminal contempt.

The distinction between civil and criminal contempt is not merely an academic one. The United States Supreme Court has recognized that, "Although the procedural contours of the two forms of contempt are well-established, the distinguishing characteristics of civil versus criminal contempts are somewhat less clear." *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994). The *Bagwell* Court also stated, "Numerous scholars have criticized as unworkable the traditional distinction between civil and criminal contempt." *Id.* at n.3. If Plaintiffs seek to hold Mr. Minton in contempt of court, the burden is upon them to explain their position in detail, with appropriate citations to controlling authorities from the Sixth Circuit Court of Appeals and/or the United States Supreme Court.

As discussed above, the instant Motion also seeks sanctions against Defendant and Mr. Minton "in accordance with Fed. R. Civ. P. 30, 45, and 69." Additionally, Plaintiff cites Fed. R.

3

Civ. P. 37(b) as authority for the issuance of sanctions against Mr. Minton.

Rule 30 does not provide for the imposition of sanctions under the circumstances present here. Rule 69, which pertains to "Execution," merely provides, "In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Rule 69 contains no specific provision for the imposition of sanctions under the circumstances present here.

Rule 45(e) provides in pertinent part as follows:

> **Contempt.** Failure by any person *without adequate excuse* to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

(Emphasis added.) Plaintiff has made no showing that Mr. Minton was "without adequate excuse" to obey the deposition subpoena that was served upon him.

Finally, Fed. R. Civ. P. 37(b) is entitled, "Failure to Comply With Order." There is no indication in the record that either Mr. Minton or Defendant failed to comply with any Order of the Court.

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Contempt" (Docket No. 29) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                                                                   _____
                                                                                                   E. Clifton Knowles
                                                                                                   United States Magistrate Judge